UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL ESQUEDA-CORTEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PAUL THOMPSON,<br><br>　　　　　　Respondent. | No.  2:21-cv-1706 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 8) |

　　　　Petitioner Jose Manuel Esqueda-Cortez is a federal prisoner proceeding without counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner claims he is entitled to relief under the First Step Act of 2018 in the form of additional sentence credits. Specifically, petitioner alleges he has accrued earned time credits which the Bureau of Prisons ("BOP") has not applied to his sentence. Petitioner alleges his correct projected release date following application of these credits should be October 1, 2023. (Id. at 1, 9.)

　　　　Respondent filed a response and motion to dismiss. (ECF No. 8.) Respondent asserts the petition should be dismissed on grounds that the petition is unripe, petitioner lacks standing, the court lacks statutory jurisdiction to give the requested relief, and petitioner failed to exhaust administrative remedies. Petitioner filed an opposition to the motion to dismiss. (ECF No. 9.)

////

1

The undersigned recommends the court grant the motion to dismiss. The petition is unripe because petitioner alleges his proper release date is more than a year and a half in the future. Petitioner also has not exhausted available administrative remedies, which should not be waived in this case.

**I. Legal Standards for Motion to Dismiss**

A district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. See 28 U.S.C. § 2241. A petition challenging the manner, location, or conditions of a sentence's execution is brought under section 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The United States Bureau of Prisons' ("BOP") calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

The court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Court to a motion to dismiss a habeas petition brought under 28 U.S.C. § 2241. E.g., Battle v. Holbrook, No. 2:20-cv-01851-JAM-JDP, 2021 WL 4132336, at *1 (E.D. Cal. Sept. 10, 2021; see Rule 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Under Habeas Rule 4, the court evaluates whether it "plainly appears" the petitioner is not entitled to relief and, if so, recommends dismissal of the petition. See Habeas Rule 4, 28 U.S.C. foll. § 2254.

In ruling on a motion to dismiss, the court "accept[s] the factual allegations in the [petition] as true and construe[s] the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). Exhibits attached to a complaint are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

**II. The First Step Act**

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act's relevant portions allow eligible prisoners to earn time

credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4). The Attorney General was allowed 210 days after the enaction of the First Step Act to develop and publish the Risk Assessment Needs system, which the BOP must use as a guide to implement the programs. 18 U.S.C. § 3632(a). The BOP then had until January 15, 2022, to "phase in" programming and provide evidenced based recidivism reduction programs and productive activities for all prisoners. See Khouanmany v. Gutierrez, No. 5:21-cv-00989-JFW-JDE, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021); see 18 U.S.C. § 3621(h)(2)(A-B).

### III. Ripeness

Federal courts are limited to deciding cases and controversies. U.S. CONST. art. III, § 2. A plaintiff only has standing to sue if they present a legitimate "case or controversy," meaning the issues are "definite and concrete, not hypothetical or abstract." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000). One component of the "case or controversy" requirement is that a claim must be ripe for review. Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009). "Ripeness is a constitutional prerequisite for jurisdiction; [a court] therefore ha[s] no jurisdiction to review claims unless they are ripe." United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009).

The ripeness inquiry concerns whether adjudication of a dispute would be premature, causing the court to "entangle[e] [itself] in abstract disagreements." Thomas, 220 F.3d at 1138. Ultimately, however, ripeness and standing overlap by both focusing on whether an injury is "real and concrete." Id. (quoting Gene R. Nichol, Jr., Ripeness and the Constitution, 54 U. CHI. L. REV. 153, 172 (1987)).

Here, petitioner alleges the proper application of credits would advance his release date to October 1, 2023. (ECF No. 1 at 1, 9.) Because petitioner's claimed release date is approximately a year and a half in the future, he alleges a "future injury [that is] purely conjectural." Clinton v. City of New York, 524 U.S. 417, 431 (1998). Plaintiff does not allege a sufficiently definite injury for purposes of standing and ripeness. See Jacobo-Arizaga v. Thompson, No. 2:21-cv-1864-KJM-EFB-P, 2022 WL 542432, at *1 (E.D. Cal. Feb. 23, 2022) (dismissing with leave to

amend a claim asserting entitlement to credits under the First Step Act as unripe where the petitioner claimed entitlement to release in the future).

## IV. Exhaustion

In addition, petitioner failed to exhaust administrative remedies. Title 28 U.S.C. § 2241 does not itself contain an exhaustion requirement, and thus, exhaustion is not a jurisdictional prerequisite. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). However, exhaustion of a prescribed remedy prior to seeking judicial relief can be judicially required. Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004). For prudential reasons, 2241 petitioners are generally required to exhaust their administrative remedies prior to seeking habeas relief. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011) ("In order to seek habeas relief under section 2241, …a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies.").

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. See Quinonez v. McGrew, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile").

Courts have discretion to waive the exhaustion requirement when administrative remedies are inadequate, when their exercise would be futile, or when irreparable injury would result without immediate judicial intervention. See Laing, 370 F.3d at 1000; Ward, 678 F.3d at 1045. "[C]ourts have discretion to waive the exhaustion requirement when prudentially required [but] this discretion is not unfettered." Laing, 370 F.3d at 998; see also Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("'[a]pplication of the rule requiring exhaustion is not jurisdictional,

4

but calls for the sound exercise of judicial discretion,' [and] is not lightly to be disregarded.") (citation omitted). A "key consideration" is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" Laing, 370 F.3d at 1000 (citation omitted).

Here, petitioner does not claim to have completed the administrative review process with respect to his present habeas claims. Pointing to a declaration by Charles Hubbard, the Correctional Programs Administrator for BOP's Western Region, respondent asserts petitioner has not submitted any Administrative Remedy request seeking First Step Act Time Credits, and thus that petitioner has failed to exhaust BOP's administrative remedy procedure. (ECF No. 8 at 6; ECF No. 8-2 at ¶ 4.) Petitioner does not specifically address his failure to exhaust BOP's administrative remedy procedure.

The petition asserts exhaustion should be excused because resolution of the claim turns on a question of statutory construction. (ECF No. 1 at 3, 5.) However, this case does not involve solely a dispute of statutory construction. To the contrary, petitioner makes factual assertions as to his claimed participation in activities for which he earned time credits and the amount of earned time credits he thereby accrued. (ECF No. 1 at 1, 9.) In light of the necessity for the court to make such factual determinations, prudential concerns weigh against excusing compliance with the exhaustion requirement. See Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) (affirming district court's refusal – due to lack of administrative exhaustion – to consider habeas petition based on failure to accord credit for time served when there were factual disputes about the prior time served and the failure to exhaust rendered the record inadequate for judicial review). Other district courts in this circuit to consider the exhaustion issue as it applies to claims for earned time credits under the First Step Act have declined to waive exhaustion. See, e.g., Lister v. Gatt, No. 5:21-cv-0957-VBF-GJS, 2021 WL 4306316, at *6 (C.D. Cal. Sept. 22, 2021); Phares v. Bradley, No. 2:20-cv-10715-GWG-JS, 2021 WL 3578674, at *8 (C.D. Cal. Apr. 22, 2021).[1]

---

[1] But see Goodman v. Ortiz, No. 20-7582 (RMB), 2020 WL 5015613, at *2 (D. N.J. Aug. 25, 2020) (excusing non-exhaustion in a case in which the petitioner asserted—and respondent did

5

The assessment of whether a prisoner's programming qualifies for earned time credit status under the First Step Act and, if so, to what extent, as well as how it affects the sentence, falls particularly within the BOP's expertise. This assessment should be undertaken by the agency before a federal court is asked to make such assessment and calculations on an undeveloped record. Exhaustion would allow the BOP the opportunity to grant the relief sought, if warranted, but even if no relief were forthcoming, exhaustion would allow the BOP to explain why not. See Woodford v. Ngo, 548 U.S. 81, 93 (2006). In addition, to the extent petitioner was on notice of the exhaustion requirement before he filed the petition, waiving the exhaustion requirement would encourage deliberate bypass of the administrative remedy scheme within the meaning of Laing's caveat. Considering the applicable law and all the circumstances, this is a situation in which the administrative exhaustion requirement should not be waived.

## V. Conclusion and Recommendation

The petition is unripe and unexhausted and should be dismissed on these grounds. In accordance with the above, IT IS RECOMMENDED:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED;

2. The petition for writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

////

////

////

---

not dispute—that the earned credits claimed by the petitioner were properly counted and had been earned). In this case, in contrast the amount of credits earned and manner of application is not undisputed (see ECF No. 9-1 at 8) and would need to be determined by the court.

1   Recommendations." Plaintiff is advised that failure to file objections within the specified time

2   may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

3   1991).

4   DATED: 4/04/2022

5                                                                                          _____

6   DLB7                                                                    DEBORAH BARNES
    esqu1706.mtd                                                      UNITED STATES MAGISTRATE JUDGE